# AUGUST L. TURNAN *et al.*

*v.*

# ELIZABETH TEMKE, EXRX. etc.

1. ATTORNEY AT LAW—*authority to collect and satisfy judgment revoked by his client's death.* The authority of an attorney at law to collect and satisfy a judgment recovered by him, is revoked by the death of his client, and, without a new retainer by the personal representative, the attorney will have no authority to intermeddle with its collection.

2. JUDGMENT—*satisfaction by one unauthorized, set aside on motion.* If an attorney who has obtained a judgment, collects the same and enters satisfaction thereof after the plaintiff's death, the entry will be set aside on motion by the personal representative of the deceased creditor, although it may affect a purchaser of real estate from the judgment debtor.

APPEAL from the Circuit Court of Du Page county; the Hon. HIRAM H. CODY, Judge, presiding.

This was a motion, by Elizabeth Temke, executrix of the last will of John D. Temke, deceased, to set aside and vacate the satisfaction of a judgment rendered in the circuit court of Du Page county, in favor of the testator and against August L. Turnan and Diedrich Struckman, and to award execution thereon, on the ground that it was illegally and improperly entered satisfied. The motion was allowed.

Mr. E. J. HILL, for the appellants.

Messrs. BOTSFORD & BARRY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

John D. Temke. in his lifetime, recovered a judgment at law against August L. Turnan and Diedrich Struckman. One Edward J. Hill conducted the suit, and his name appears on the record as attorney for plaintiff in the cause. No part of the judgment appears to have been collected in the lifetime of plaintiff. After his death, Elizabeth Temke qualified as his executrix and took upon herself the burden of the administration of his estate. Notwithstanding the death of plaintiff, of which Hill had actual notice, and without any authority from the executrix, he proceeded to, and did collect of defendants, the full amount due on the judgment, and having caused a copy of the letters testamentary to be recorded, he entered satisfaction of the judgment upon the record in the name of the executrix.

Whatever authority Hill may have had to collect the judgment. it was revoked by the death of the original plaintiff. Unless there was a new retainer by the personal representative of the deceased plaintiff, he had no more authority to intermeddle with the collection of the judgment than a mere stranger would have had. This is definitely settled by the decision of this court in *Risley* v. *Fellows.* 5 Gilm. 531. Precisely the same question, in principle, was passed upon in *Gleason* v. *Dodd,* 6 Met. 333, where it was ruled, the death of the constituent was a revocation of the authority of an attorney to commence and prosecute a suit, and without a new retainer he could not rightfully appear for an executor or administrator. But were there no authorities in point, the rule is correct on principle. The party who had employed the attorney is dead, and he can no longer do any business in his name or stead, and interests of other parties having arisen, it is their privilege to select their own counsel.

But, aside from this view of the law, Hill's authority in the premises, whatever it may have been in the first instance, was expressly revoked, and thereafter he had no right to assume to act on behalf of the executrix. The pretense he had an inte-

rest in the judgment, and therefore had authority to collect it, is not established by any satisfactory evidence. If he had any claim against the estate he ought to have presented it in the usual way, that it might be litigated, and, if established, he could be paid with other creditors.

No equities have arisen in favor of defendants, nor were they misled in any manner by the fact Hill's name appeared on the record as attorney for the original plaintiff. They had notice he was dead, and they were bound to know the law required that payment should be made to his personal representative. More than that, notice was given to one or both of defendants, that Hill had no authority to collect anything on the judgment.

It is suggested, a subsequent purchaser from the judgment debtor has acquired property upon which the judgment would be a lien, in case the satisfaction should now be set aside. The party it is alleged would be affected was no party to the record, and the executrix was under no obligation, either legal or moral, to give such party any notice of any steps that were being taken. In fact, it would have been impracticable to do so, for want of knowledge of such interest. The executrix did all she reasonably could to protect parties, by an express revocation of the authority the attorney was supposed to have had, and by giving notice to all parties directly interested, as appeared of record. Paying the money to Hill was paying it to one wholly unauthorized to receive it, and was the folly of the party to be affected. Counsel can relieve himself from all concern as to the results that will flow from setting aside the satisfaction of the judgment, by paying over the money collected, acknowledged to be in his hands, to the executrix, who will at once enter a proper satisfaction. Defendants had no right, whatever, whether notified or not, to the contrary, to pay the amount of the judgment to Hill, who, so far as they were concerned, was a mere stranger, and his satisfaction entered upon the record was a nullity.

Decisions cited in support of the conduct of the attorney

were not rendered in analogous cases, and, therefore, illustrate no phase of the case in hand.

The remedy for the error complained of, was upon motion in the court where the judgment was of record, and the power was properly exercised.

The judgment will be affirmed.

*Judgment affirmed.*